IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES EDWARD CRITTENDEN,

    Plaintiff,                         No. CIV S-07-1013 GEB JFM P

    vs.

J. MITZEL, et al.,

    Defendants                 FINDINGS AND RECOMMENDATIONS

                                   /

           Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a complaint pursuant to 42 U.S.C. § 1983. Defendants have filed a motion for involuntary dismissal of this action. Defendants present evidence that plaintiff has filed twenty-two actions in District Courts for the Ninth Circuit, and in eleven of those actions, plaintiff was allowed to proceed in forma pauperis. (Defts.' Ex. A.) From those actions, defendants contend five actions were dismissed for failure to state a claim and should be counted as strikes under the provisions of 28 U.S.C. § 1915(g): two cases filed by plaintiff in the United States District Court for the Central District of California and dismissed by that court, as well as three cases filed in the Fresno Division of the instant court and dismissed by this court. Defendants contend that plaintiff's in forma pauperis status should be revoked and that this action should be dismissed because plaintiff's complaint does not fall under the exception to the three strikes provision, "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

           In support of their motion, defendants present docket sheets and copies of orders and findings and recommendations from the five actions filed by plaintiff in the Central and

1

Eastern Districts.

Section 1915(g) of Title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(b) was enacted as part of the Prison Litigation Reform Act (PLRA).

The case <u>Crittenden v. Mooney</u>, CIV 02-6570-FMC (Mc) (C.D. Cal. October 15, 2002), was dismissed "without leave to amend, but without prejudice." (<u>Id.</u> at 1.) (Defts.' Ex. B-2.) The case <u>Crittenden v. Dicarlo</u>, CV 04-09889-RSWL (Mc) (C.D. Cal. March 23, 2005), was dismissed "without leave to amend." (<u>Id.</u> at 1.) (Defts.' Ex. E-2.) These two dismissals from the Central District of California do not constitute a strike under 28 U.S.C. § 1915(g).

However, three cases filed in the Fresno Division of the Eastern District of California expressly state each dismissal was based on the failure to state a claim under 42 U.S.C. § 1983, a reason enumerated in section 1915(g).[1] (Defts.' Exs. C, D & F.) Plaintiff was incarcerated when he brought each of these actions, and he did not take an appeal from the final judgment in any of them. Thus, plaintiff has incurred three strikes within the meaning of § 1915(g).

For all of the foregoing reasons, there is evidence to support defendants' contention that plaintiff has suffered three dismissals which should count as strikes under 28 U.S.C. § 1915(g). In the present case, plaintiff has not alleged facts that suggest he is under

---

[1] The cases filed in the Fresno Division of this court were:
F 02-5533 OWW SMS <u>Crittenden v. Yarbrough</u>, July 24, 2003 order.
F 04-6433 AWI WMW <u>Crittenden v. Vasquez</u>, September 26, 2006 order.
F 04-6697 OWW DLB <u>Crittenden v. Schulteis</u>, September 21, 2005 order.

imminent danger of serious physical injury.  Plaintiff has not opposed the motion to dismiss or responded to this court's October 31, 2007 order granting him an extension of time in which to do so.  Thus, plaintiff must pay the filing fee in order to proceed with this case.  The financial department's records reflect that as of January 9, 2008, plaintiff had paid nothing toward the $350.00 filing fee.  Plaintiff is cautioned that failure to comply will result in a recommendation that this action be dismissed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' September 27, 2007 motion for involuntary dismissal be partially granted;

2. Plaintiff's May 29, 2007 application to proceed in forma pauperis be denied;

3. Within twenty days from the date of any order from the district court adopting the instant findings and recommendations, plaintiff shall submit the sum of $350.00.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 9, 2008.

UNITED STATES MAGISTRATE JUDGE

/001; crit1013.mtd